IN THE UNITED STATES DISTRICT COURT

FOR THE __Southern District of FLORIDA__

Case No. __2:19-CR-14043-001__

UNITED STATES OF AMERICA,

FILED BY ____ D.C.

MAY 26 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

Plaintiff,

versus

__LEEROY LEON__,

Defendant.

---

DEFENDANT'S EMERGENCY MOTION FOR A REDUCTION IN SENTENCE AND IMMEDIATE RELEASE FROM CUSTODY PURSUANT TO 18 U.S.C. §3582(c)(1)(A)(i) BECAUSE OF THE "EXTRAORDINARY AND COMPELLING" PUBLIC HEALTH CRISIS CREATED BY COVID-19, AND DEFENDANT IS IN EMINENT ENDANGER TO BE EXPOSURE TO THE DEADLY COVID-19 VIRUS, IN THE INTEREST OF JUSTICE UNDER 28 U.S.C. §1651

---

The Defendant __Leeroy Leon__, pro se, hereby moves this Honorable Court to grant his emergency motion to re-sentence him to a sentence of imprisonment of time-served or, alternatively, a sentence of time-served followed by a term of supervised release not to exceed the balance of his original prison sentence, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by §603(b)(1) of the First Step Act ("FSA") of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). This motion is filed pursuant to 28 U.S.C. §1654. In support, he states as follows:

I.

The Defendant is a federal prisoner serving a total sentence of __57__ months' imprisonment after having entered a guilty plea to __846 and 841(A)(1), (B) (1)(B) conspiracy to distribute and possess with intent to distribute 500G or more of cocaine CTI__. He is currently confined by the Bureau of Prisons ("BOP") at FCC Coleman Low, in Coleman, Florida. He is __37__ years old with medical diagnosis of __asthma__. He has been confined for more than __10__ months and

(1 of 8)

he had **no** disciplinary incidents in BOP. To the contrary, he was worked hard, taken classes, and kept his head down. In addition, he is voluntarily participating in the Residential Drug Abuse Treatment Program ("RDAP"), a cognitive behavior program, which is a great opportunity for his successful re-entry into society. The program involves a significant degree of discomfort when compared with ordinary prison life. Also, his currently recidivism risk level is "**low**" from the PATTERN assesstment of the First Step Act. (See Attachment A.)

## II.

Attorney General William Barr issued a memorandum1 on March, 2020, authorizing BOP to transfer at-risk, non-violent inmates who pose minimal likelihood of recidivism BOP facilities to home confinement to protect the safety of BOP personnel and the inmate population in the face of COVID-19. Mr. Barr recognized that some inmates may be safer at home than in BOP facilities. Mr. Barr issued a **second** memorandum2 on April 3, 2020, expanding the guidance for home confinement. The Defendant is one of them, he is more safer at his home.

Further, Congress enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") on March 27, 2020, authorizing Attorney General to take several actions regarding the prevention of COVID-19 in the federal prison system, as well as granting the authority to the Attorney General to take other decisive action regarding the placement of prisoners into home confinement-to now an unlimited amount of time as determined by the BOP. See P.L. 116-136.

Accordingly, the Defendant as a qualified inmate pursuant to Mr. Barr's memorandum formally requested for compassionate release pursuant to the FSA, or, in alternative, home confinement pursuant to the CARES Act to FCC Coleman Low Warden Ms. Kathy Lane under BOP Program Statement ("PS") 5050.50 on **April 14th**, 2020. (See Attachment A.) The petition is still pending in the BOP.

---

1.   See https://www.justice.gov/file/1262731/download

2.   See https://www.justice.gov/file/

III.

For many years, 18 U.S.C. §3582(c)(1)(A) has allowed district courts to reduce sentences of federal inmates for "extraordinary and compelling reasons," often referred to as "compassionate release." 18 U.S.C. §3582(c)(1)(A)(i). Until December 21, 2018, only the Director of BOP could request such a sentence reduction. Under the FSA, BOP no longer has a monopoly on the decision whether to file "compassionate release" motion. Rather, federal inmates may file them with the original sentencing court after "30 days from the receipt of such a request by the warden of the defendant's facility." Id. §3582(c)(1)(A).

Ordinarily, a federal prisoner who seeks compassionate release under 18 U.S.C. §3582(c)(1)(A) "must [first] exhaust his available administrative remedies before he can obtain relief [from his sentencing court]." See Davis v. Warden, FCC Coleman-USP, 661 F. App'x 561, 562 (11th Cir. 2016) (collecting cases). The administrative exhaustion requirement "is a judge-made requirement" which is not jurisdictional. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); see also United States v. Calton, 900 F.3d 706, 710-11 (5th Cir. 2018) (rejecting an implied jurisdictional prohibition on successive petitions under §3582(c)(2)). Thus, exhaustion doctrines "remain amenable to judge-made exceptions." Ross v. Blake, 136 S. Ct. 1850, 1857, 195 L. Ed. 2d 117 (2016). When Congress includes administrative exhaustion in the relevant statute, by contrast, "courts have a role in creating exceptions only if Congress wants them to." Id. However, even where exhaution is seemingly mandated by statute or decisional law, the requirement is not absolute. The Supreme Court itself has recognized exceptions to the exhaution requirement under "three broad sets of circumstances." McCarthy v. Madigan, 503 U.S. 140, 146 (1992), superseded by statute on other grounds in Porter v. Nussle, 534 U.S. 516 (2002); see also Washington v. Barr, 925 F.3d 109, 118-119 (2d Cir. 2019) (emphasis added).

"First, exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." Washington, 925 F.3d at 118 (citing McCarthy, 503 U.S. at 148). "[U]ndue delay, if it in fact results in

catastrophic health consequences, could make exhaustion futile." Washington, 925 F.3d at 120; see Abbey v. Sullivan, 978 F.2d 37, 46 (2d Cir. 1992) (observing that, "if the delay attending exhaustion would subject claimants to deteriorating health...the waiver [of exhaustion] may be appropriate"). Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief," including situations where "the relief the agency might provide could, because of undue delay, become inadequate." Washington, 925 F.3d at 119-20 (citing McCarthy, 503 U.S. at 147). Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." Washington, 925 F.3d at 119 (citing McCarthy, 503 U.S. at 146-47).

Accordingly, the Defendants submits that all three exceptions to the exhaustion requirement apply to his request. First, if he contracts COVID-19 before his appeals are exhausted, that undue delay might cause him to endure precisely the "catastrophic health consequences" his now seeks to avoid. See CDC Guidance. Second, given the fact that the BOP is dealing with unprecedent circumstances in which confined the Defendant to a quarantine lockdown and avoids to continue the process, the exhaustion requirement likely renders BOP incapable of granting adequate relief in a timely fashion manner. Third, Defendant would be subjected to undue prejudice the heightened risk of severe illness while attempting to exhaust his appeals. Thus, the Defendant submits that the Court should waive the exhaustion requirement in this case. See Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

Alternatively, the Defendant submits that even if presuming if, this Court is holding, exhaustion requirement, does apply in these circumstances, he files his petition for stay the current motion until May 14th, 2020 or the 30 days from the receipt of his petition by the Warden Ms. Lane at FCC Coleman Low. (See Attachment A.)

IV.

Section 3582(c)(1)(A) lists three specific categories of "extraordinary and compelling reasons" but expressly does not restrict what combination of factors can warrant release.

(4 of 8)

U.S.S.G. §1b1.13 (P.S.), comment. (n.1(A)-(D).)

"Extraordinary and compelling reaons" warrant a reduction of Defendant's sentence and immediate release from confinement. The rampant spread of COVID-19 at the Coleman Low facilities resulting in unclear death[3] of at least one inmate, the medical attention of prison staff, the isolation and quarantining of dozens of inmates who are suspect to be positive for the virus or have been exposed to it, and the self-quarantining of at least 3 staff makes it unsafe for the Defendant with _asthma_ to remain confined there. Especially, when the dorm setting prevents social distancing, and the gas cloud of droplets containing the virus, as small as 1 micron, (for example, a human hair is as thick as 60 to 120 microns), can span a room in a few seconds and be pulled into any air circulation system. Which can be reclycled back into the dowm, since pathogens can exist in aerosols for hours, and on surfaces for days. **Cf. COVID-19 Study**, by Prof. Lydia Bourouiba, MIT/Journal of American Medical Association. **See also** USA TODAY, April 8, 2020, Sec. D, pg. 6 (**"Corona Virus...."**).

In addition, the Defendant submits that Coleman Low is without adequate medical staff, and is without proper medical equipment, sterilization techniques, gloves, sanitizers, masks, and other necessary items. To complicate further, hospitals are forecasted to be full, and transporting sick prisoners will be virtually impossible. Especially, if the institution has a outbreak from the virus in the project peak date May 3, 2020.[4] Data from the Institute for Health Metrics and Evaluation at the University of Washington School of Mecidine.

Upon the facts, the Defendant submits that the BOP cannot protect him from the eminent endanger of the deadly COVID-19 virus, and his prolonged time at prison constitute an 8th Amendment deprivation. **See** U.S. Const. amend. VIII. Especially, when the Defendant is more vulnerable to the virus. Without this Court intervention, the Defendant is at risk of death, and he was not given a death sentence.

---

3. On March 31, 2020, the Defendant got acknowledge that an inmate from another unit was transferred to the hospital and died that day.

4. See https://www.orlandosentinel.com/coronavirus/os-ne-coronavirus-florida-peak-deaths-estimate-20200413-ijbsxhax3zh5fnsf3hxnah4ope-story.html.

V.

A sentence reduction is consistent with and supported by the factors in 18 U.S.C. §3553(a), whose consideration is mandated by §3582(C)(1)(A) "to the extend they are applicable." Two of those factors now carry more weight than at the time of sentencing: (1) "the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1); and (2) "the need for the sentence imposed...to provide the defendant with...medical care...in the most effective manner," 18 U.S.C. §3553(a)(2)(D).

First, Defendant's age and vulnerability to COVID-19 weigh in favor of reducing his sentence. Second, he is a non-violent offender confined in a minimum-security Low institution and poses a ___low___ risk of recidivism. He poses no threat of violence to the community should the Court release him from custody. Third, his ___excellent___ conduct in prison weights heavily in his favor. Fourth, he has a re-entry plan that will prevent recidivism and ensure his health and safety as well as the public's health and safety should the Court reduce his sentence. (See Attachment A.) His ___wife___, ___Jessenia Reyes___, can pick him up from the Coleman Low facility within ___3___ hours of this Court granting the motion and ordering his release from prison. ___She___ will drive him to his residence in ___Port St. Lucie___, ___Florida___, where he will reside with ___his family___ during any period of supervised release. He will self-quarantine at home as long as necessary to ensure his health and safety and that of others. And he will obtain suitable, gainful employment.

In sum, the §3553(a) factors weigh heavily in Defendant's favor. This Court is in the business of weighing equities to make consequential decisions. Yet, other than habeas corpus proceedings in death penalty cases, few prior cases could have presented the potential, if not likely, life-or-death consequences that this case presents. The Court should grant this motion because so rarely do justice and mercy require the same result. See **Walker v. Martel**, 709 F.3d 925, 950-51 (9th Cir. 2013) (Gould, J., concurring in part and dissenting in part) ("Shakespeare told us that '[t]he quality of mercy is not strain'd,' Milton instructed us to

'temper so [j]ustice with mercy' and advised us that '[m]ercy [must] colleague with justice,' and President Lincoln reminded us that 'mercy bears richer fruits than strict justice.'") (citations omitted); Micah 6:8, King James Version 1873 ed. ("what does the Lord require of you but to do justice, and to love kindness, and to walk humbly with your God").

## VI.

In addition, the Defendant submits that there a several courts that granted sentence reduction using §3582(c)(1)(A) because of the "extraordinary and compelling" public health crisis created by COVID-19 virus. See United States v. McCarthy, No. 3:17-CR-0230 (JCH), 2020 WL 1698732 (S. Conn. Apr. 8, 2020); United States v. Hansen, No. 07-CR-00520 (KAM), WL 2020 1703672 (E.D.N.Y. Apr. 8, 2020); United States v. Foster, No. 1:14-CR-324-02 (Md. Pa. Apr. 3, 2020); United States v. Colvin, No. 3:19-CR-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020); United States v. Brannan, No. 4:15-CR-80-1 (Sd. Tx. Apr. 2, 2020); United States v. Williams, No. 04-CR-95, Dkt. No. 91 (Nd. Fla. Apr. 1, 2020); United States v. Jepsen, No. 3:19-CV-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020); United States v. Gonzales, No. 18-CR-0232, 2020 WL 1536155 (Ed. Wash. Mar. 31, 2020); United States v. Marin, No. 15-CR-252, Dkt. No. 1326 (E.D.N.Y. Mar. 30, 2020); United States v. Muniz, No. 09-CR-199, Dkt. No. 578 (Sd. Tex. Mar. 30, 2020); United States v. Powell, No. 94-CR-00316 (D.D.C. Mar. 28, 2020); United States v. Campagna, No. 16-CR-78-01, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020). Thus, the Defendant submits that this Court should grant his petition for sentence reduction.

**WHEREFORE** the Defendant _Leeroy Leon_, pro se, hereby respectfully prays to this Honorable Court to grant his emergency motion for a reduction in sentence and immediate release from custody pursuant to 18 U.S.C. §3582(c)(1)(A)(i) because of the **"extraordinary and compelling"** public health crisis created by COVID-19, and he is in **eminent endanger** to be exposure to the deadly COVID-19 virus, in the interest of justice under 28 U.S.C. §1651, and **any** and **all** relief(s) that he may be entitled to. Singed today 23th day of April, 2020, in Coleman, Florida.

Respectfully Submitted,

_/s/ Leeroy Leon/_ May 14, 2020
_Leeroy Leon_, Pro Se
Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, VERIFY AND STATE under perjury of perjury that the foregoing is true and correct and I placed this motion today 14th day of May, 2020, in the prison mailing system pursuant to the prison mailbox rule to be sent via U.S. Mail to the United States District Court for the Southern District of Flor. Hon. Rosenberg, attention: Office of the Clerk, Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Room 1016, Fort Pierce, FL 34950

Respectfully Submitted,

_/s/ Leeroy Leon_ May 14, 2020
_Leeroy Leon_, Pro Se
Defendant
Reg. No. 20357-104
Federal Correctional Complex
Coleman Low / Unit C-2
P.O. Box 1031
Coleman, Florida 33521

# Clarification on Reduction in Sentence (RIS) Requests

## (Extraordinary and Compelling Circumstances under FSA )

Inmates are encouraged to review Program Statement 5050.50 to ensure requests are appropriate. Requests for a Reduction in Sentence will be denied at the institutional level should the request fail to demonstrate extraordinary or compelling circumstances which would warrant a reduction in sentence under **BOP guidelines**.

To the extent an inmate believes their sentence should be reduced pursuant to the sentence reform provisions of the First Step Act of 2018, they may raise those concerns directly with their sentencing court.

The Federal Bureau of Prisons has **no authority** to reduce a sentence pursuant to those provisions or based on sentence length.

OR

IN ALTERNATIVE, CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT ("CARES ACT")

Before completing this application, please review Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), available in the law library.

## REDUCTION IN SENTENCE APPLICATION

NAME: Leeroy Leon        REG No. 20357-104        Date: April 14, 2020

WHO IS YOUR PHYSICIAN (circle):   Franco   Li   Negron   Bonnet-Engebretson   Tidwell   Venuto

Choose One Criteria: You can only apply under one criteria.

Extraordinary/Compelling Circumstances:
- [ ] Medical Circumstances:
  - [ ] Terminal Medical Condition – Terminal Diagnosis with 18 months or less life expectancy.
  - [ ] Debilitated Medical Condition – Illness that has you partially (50%) or completely (100%) disabled.
- [ ] Elderly Inmates with a Medical Condition:
  - [ ] "New Law" Elderly Inmates – Have to have served 30 years of a sentence.
  - [ ] Elderly with Medical Conditions – 65 yrs. old or older, a deteriorating medical condition, served 50% of your sentence
- [ ] Elderly Inmates without a Medical Condition: - 65 yrs. old or older, Served 10 yrs. or 75% of your sentence (which is greater)
- [ ] Death or Incapacitation of the Family Member Caregiver of an inmate's dependent child: -provide verifiable documentation the child is "suddenly" without a caretaker, the family member is in an incapacitated state and is unable to care for the child.
- [ ] Incapacitation of a Spouse or Registered Partner: -Provide verifiable medical documentation of incapacitated state

* "extraordinary and Compelling Reasons"   See ATTACHMENT A

To be filled out by Inmate:

Briefly describe your medical condition or extraordinary and compelling circumstance:

This is application under 18 U.S.C. §3582(c)(1)(A) based upon "extraordinary and compelling reasons"

If you have applied before, has anything changed in your medical condition since your last application? ___-none-___

Proposed Release Plan (must have ALL of the following):

Name and contact information of who you will live with: _____

When was the last time you spoke to this person concerning your release plan?

Is this person willing to care for you?

Address of where you will be living:

Where will you receive your medical treatment (if applicable)? __N/A__

How will you pay for your treatment (if applicable)? __N/A__

Additional Comments: First Step Act of 2018, Pub. L. 115-39, Title IV, Section 401 [Dec 21 2018] rendered-or Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

**If the inmate has not provided adequate information and documentation as set forth on this form and in P.S 5050.50, the Warden may deny the inmate's request at the institution level.**

Before completing this application, please review Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), available in the law library.

## For Staff Use Only:

Before completing this review, please read Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), updated January 17, 2019. Please note that inmates should, under most circumstances, request a RIS is writing before an eligibility review is completed. Inmates may qualify for a RIS under several categories as outlined below:

**MEDICAL WITH A TERMINAL DIAGNOSIS (Category: Med Terminal)**
1. Does the inmate have a documented medical diagnosis from a physician with a prognosis of life expectancy of 18-months or less?
Yes No

If yes, list the terminal diagnosis. If no, inmate does not qualify under this category.

___

**MEDICAL WITH A NON-TERMINAL DIAGNOSIS (Category: Med Non-Terminal)**
1. Does the inmate have a documented medical diagnosis of an incurable, progressive illness or has the inmate suffered a debilitating injury from which he/she will not recover?
Yes No

2. AND, is the inmate completely disabled, unable to perform activities of daily living and totally confined to a bed or chair OR Is the inmate only capable of limited self-care and confined to a bed or chair more than 50% of waking hours?
Yes No

If "Yes", list the medical diagnosis. If "No" is checked for either of the above items the inmate does not qualify under this category.

___

**INMATES AGE 65 OR OLDER WITH A MEDICAL CONDITION (Category: Elderly Med Condition/65/50%)**
1. Has inmate served at least 50% of their sentence? (If no, inmate does not qualify under this category. If yes, proceed.)
Yes No

2. Does inmate suffer from a documented chronic or serious medical condition?
Yes No

3. Has the inmate experienced a deteriorating mental or physical health condition that substantially diminishes his/her ability to function in a correctional environment?
Yes No

4. Will conventional treatment provide a substantial improvement to the inmate's mental or physical condition? (If yes, inmate does not qualify under this category)
Yes No

If "Yes" on item 2 or 3, list the condition. (Either item 2 or 3 above must be checked "Yes" for inmate to qualify under this category.)

___

**INMATES AGE 65 OR OLDER REGARDLESS OF MEDICAL CONDITION (Category: Elderly Other/65/75%)**
1. Has inmate served the greater of 10 years or 75% of their term of imprisonment to which they were sentence? (If no, inmate does not qualify under this category)
Yes No

**CAREGIVER (Non-Med Caregiver)**
If an inmate is applying for a RIS due to the death or incapacitation of their child's caregiver or the incapacitation of their spouse or registered partner, refer him/her to PS 5050.50 for the required documentation. Staff are not responsible for gathering the inmate's supporting documentation.

TRULINCS 20357104 - LEON, LEEROY - Unit: COL-C-B

----------------------------------------------------------------------------------------

FROM: Warden LOW
TO: 20357104
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/15/2020 08:32:02 AM


**Your request must be submitted to your unit team.   Once all documents are submitted, your Unit Team will process your request.**

>>> ~^!"LEON, ~^!LEEROY" <20357104@inmatemessage.com> 4/14/2020 6:29 PM >>>
To: Ms. Kathy Lane
Inmate Work Assignment: compound sweeper

This is my formal request for compassionate release pursuant to the Title 18 U.S.C. 3582(c)(1)(A), as amended by the First Step Act ("FSA"). See P>L> 115-391, 132 Stat. 5194, at 603 (Dec. 21, 2018). Specifically, i seek a sentence reduction to time served based on health status- The eminent danger to be exposed to the deadly corona virus (COVID-19), and the fact that it is impossible to practice "social distancing: and other prophylactic measures in a prison environment. in alternative, i formally request for immediate release to home confinement pursuant to the immediate Aid, Relief, and Economic Security Act ("CARES Act"). See ___.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY under perjury that today 14th day of April, 2020. i placed an electronic message through TRULINC to the Wardens department email. Also, i certify that today i placed a true and correct copy of the foregoing document in the prison mailing system pursuant to the prison mailbox rule to be sent via internal Mail to the Warden Ms. Kathy Lane at FCC Coleman Low, Coleman, Florida.

Respectfully submitted,

Leeroy Leon
Petitioner
Reg. No. 20357-104
Federal Correctional Complex
Coleman Low/Unit C-2
P.O.BOX 1031
Coleman, Florida 33521

Name: Leroy Leon
Reg. No.: 20357-104
Date: 4/15/2020
DTS: Ms. Wilkerson

## MY ABC RE-ENTRY PLAN

| DESCRIPTION: | PLAN A: | PLAN B: | PLAN C: |
|---|---|---|---|
| Home: | 1656 S.W Ruiz Terr Port Saint Lucie FL 34953 | Urb: San Martin C#4 07 Juana Diaz P.R 00795 | Barrio Pastillo Calle 22 Juana Diaz P.R. 00795 |
| Transportation: | I got my very own car. | My wife's car is also available | My daughter's car as well. |
| Working & School: | I still hold my old job. | I also have a friend who owns a pool company | Also I have an offer as lawn capping |
| Food: | Home | Friends | Family |
| Clothing: | I have all clothing I may need back at home | At my mother's I do also have clothing | Friends help. |
| Leisure: | Healthy Fitness | Running in the mornings | Walking with my family |
| Finances: | My wife works | My son also helps if needed | Family support |
| Relationships: | I'm still married to my wife. | Family | Friends |
| Safety Net: | My household with my wife and kids | Family | Friends NA Sponsor |
| Other: Recovery | I will hold myself accountable | I will have my Family Support | I will stay away from bad influences. |

**Leeroy Leon**

1656 S.W. Ruiz Terrace
Port Saint Lucie, Florida 34953
Ph: (407) 988-8488

## Objective

I am currently seeking employment with a company or organization that will give me challenging opportunities to utilize my unique skilss set, as well as grow with upward mobility in an exciting new career.

## Skills

- Team Player
- Task Master
- Responsible
- Results-Oriented
- Creative
- Flexible
- Motivated
- Mechanically Inclined
- Bilingual

## Work Experience

**2020-Present**
**Coleman Facilities, Compound Department, Maintance Worker, Coleman, Florida**
Duties: Clean and maintance the genral compound.

**2016-2019**
**E. Lopez Mechanic LLC, Port St. Lucie, Florida Mechanic**
Duties: I was a mechanicn and on a daily basis I had to torubleshoot and identify problems on various vehicles and equipment. After identifying the problem, I would price the labor and parts and present it to the other owner amd quote them a price for everything. I also deal with customer service.

## Education

**2000**
**H.S. Diploma, Carmen Belen Veiga, Juana Diaz, Puerto Rico**

## References

Available upon request.

Leeroy Lewin
Reg. No. 20357-104
Federal Correctional Complex
Coleman Low / Unit C-2
P.O. Box 1031
Coleman, Florida 33521

RECEIVED
MAY 26 2020
FTP
CLEARED X-R

United States District Court
for the Southern District of Florida
Hon. Rosenberg
Attn. Office of the Clerk
Alto Lee Adams
Sr. United States Courthouse
101 South U.S. Highway 1, Room 1016
Fort Pierce, FL 34950