UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-cr-14043-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEEROY LEON,

    Defendant.
    _____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR A REDUCTION OF SENTENCE**

This cause comes before the Court upon Defendant Leeroy Leon's ("Leon") Motion for a Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). DE 61. On January 3, 2020, the Court sentenced Leon to a 57-month term of imprisonment for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. *See* DE 58. The Court has carefully reviewed Leon's Motion for a Reduction of Sentence and the record and is otherwise fully advised in the premises.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.  One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii).  Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Leon contends that he submitted a request for compassionate release to the warden of FCI Coleman – Low, the prison in which he is confined, on April 14, 2020, and that he has received no response.  Even if the Court accepts his contention that over 30 days has lapsed since he made a request, the Court concludes that a sentence reduction is inappropriate in this case.

Leon is 37 years' old.  He cites his medical diagnosis of asthma and the COVID-19 pandemic as the extraordinary and compelling reasons justifying his release from custody.

As of the date of this Order, FCI Coleman – Low has had one confirmed case of an inmate contracting COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited May 28, 2020).  The Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities.  *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 28, 2020).  These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing.  *See id.*

The Court is sympathetic to the health challenge that Leon identifies in his Motion.  And the Court understands that he has legitimate concerns about the spread of COVID-19 at FCI Coleman – Low.  However, the Court must view those concerns in conjunction with the facts as best the Court is able to ascertain them.  Those facts are that FCI Coleman – Low has had only one confirmed case of an inmate contracting COVID-19 and that the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities.  The Court has been presented with no information that would indicate that these measures will be ineffective at FCI Coleman – Low.  Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Leon's sentence.

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and concludes that a sentence modification is not warranted in light of those factors.  *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence).  The Court specifically notes that it sentenced Leon less than five months ago, at which time the Court fully evaluated the § 3553(a) factors as they apply to

him. Leon received a term of imprisonment at the bottom of the guideline range of 57 to 71 months, and he has served less than one-quarter of his sentence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Leeroy Leon's Motion for a Reduction of Sentence [DE 61] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of May, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record